**D. Michael Reilly**, WSBA No. 14674 (*admitted pro hac vice*)
reillym@lanepowell.com
**Hans N. Huggler**, OSB No. 144993
hugglerh@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant Life Insurance Company of North America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ELIZABETH REDDY,**<br><br>       Plaintiff,<br><br> v.<br><br>**LIFE INSURANCE COMPANY OF NORTH AMERICA,**<br><br>       Defendant. | Case No. 3:18-cv-02211-YY<br><br>JOINT RULE 26 REPORT AND PROPOSED PRETRIAL DEADLINES |

Plaintiff Elizabeth Reddy and defendant Life Insurance Company of North America hereby submit the following Rule 26 Report:

**1.**   **Nature and Complexity of Case**: This case involves a dispute over plaintiff's eligibility for long-term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). This case is not "complex" for purposes of adjudication.

PAGE 1 -   JOINT RULE 26 REPORT AND PROPOSED PRETRIAL DEADLINES

120192.0198/7643110.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

**2.     Discovery Plan**:

A.     Initial Disclosures:  The parties conducted a Fed. R. Civ. P. 26(f) conference on April 15, 2019.  The parties agreed to waive initial disclosures and will file the forms required under LR 26-2.

B.     Subjects and Timing of Discovery:

**Defendant's Statement**:  Discovery in ERISA benefits suits is prescribed and should not be permitted without leave of Court.  *See Kelly v. Standard Life Ins. Co.*, No. 3:17-cv-1111-YY, 2018 WL 3639844, *2-5 (D. Or. July 3, 2018) (requiring threshold showing before discovery permitted on *de novo* review); *Baldoni v. Unumprovident, Ill. Tool Works, Inc.*, CV No. 03-1381-AS, 2007 WL 649295, *5 (D. Or. Feb. 26, 2007) ("This district has balanced these opposing considerations—the plaintiff's need and the underlying purpose of ERISA—by requiring plaintiff to make a threshold showing before [abuse of discretion] discovery will be allowed.")  Defendant requests that the Court enter an order requiring that plaintiff obtain leave of Court before serving any discovery requests on defendant.

**Plaintiff's Response**:   Plaintiff has not yet received defendant's proposed record for judicial review and therefore does not know whether she will seek discovery.  Plaintiff objects to a requirement that she be required to seek leave of Court prior to serving discovery requests.  Plaintiff finds no case in which this Court has placed such a limit on plaintiff's right to *seek* discovery in an ERISA case.

In both *Kelly v. Standard Life Ins. Co.*, No. 3:17-cv-1111-YY, 2018 WL 3639844 (D. Or. July 3, 2018) and *Baldoni v. Unumprovident, Ill. Tool Works, Inc.*, CV No. 03-1381-AS, 2007 WL 649295, *5 (D. Or. Feb. 26, 2007), this Court denied the plaintiff's motion to *compel* production.  Neither decision limited the Plaintiff's right to *seek* discovery.  In *Baldoni,* the Ninth Circuit had remanded the case to this Court to determine whether to permit **conflict discovery under** the **"abuse of discretion" standard of review** regarding UNUMProvident's alleged "parsimonious claims-granting history" in "repeatedly den[ying] benefits to deserving participants by interpreting

PAGE 2 -   JOINT RULE 26 REPORT AND PROPOSED PRETRIAL DEADLINES

plan terms incorrectly or by making decisions against the weight of evidence in the record." in light of its recent decision *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (2006) (*en banc*). 2007 U.S. Dist. LEXIS 14127, *9.  Upon remand, this Court denied discovery regarding Unum's "handling of other claims" as "not narrowly tailored * * *" 2007 U.S. Dist. LEXIS 14127, *21. Here, Plaintiff contends the applicable standard of review is *de novo* and thus, this case does not involve conflict discovery.

3. **Proposed Case Schedule and Deadlines:**

The parties jointly propose the following case schedule and deadlines:

- Defendant to produce proposed record to plaintiff by **April 19, 2019.**
- Close of discovery **July 12, 2019**.
- Stipulated record for judicial review due **July 19, 2019.**
- ADR report due **July 19, 2019.**
- Voluntary consents to Magistrate jurisdiction due **July 19, 2019.**
- Plaintiff's dispositive motion due **August 2, 2019.**
- Defendant's combined response and cross-motion due **August 30, 2019**.
- Plaintiff's combined response and reply due **September 20, 2019.**
- Defendant's reply due **October 4, 2019.**

PAGE 3 -   JOINT RULE 26 REPORT AND PROPOSED PRETRIAL DEADLINES

The parties anticipate this matter will be resolved by dispositive motions and do not anticipate the need for trial. They therefore ask that the Court waive the requirement of a pretrial order.

DATED: April 17, 2019

                LANE POWELL PC

                By   s/Hans N. Huggler
                      D. Michael Reilly WSBA No. 14674
                      (*admitted pro hac vice*)
                      Hans N. Huggler, OSB No. 144993
                      Telephone: 503.778.2100
                      Facsimile: 503.778.2200

                Attorneys for Defendant Life Insurance Company of North America

PAGE 4 - JOINT RULE 26 REPORT AND PROPOSED PRETRIAL DEADLINES

120192.0198/7643110.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200